■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. TOM BLACK-MAN, Appellant.— Appeal by defendant from a judgment of the County Court, Orange County, rendered February 11, 1971, convicting him of criminal possession of a dangerous drug in the fifth degree, a Class E felony, upon his plea of guilty (the plea was upon two indictments charging possession and sale of narcotics), and sentencing him to an indeterminate prison term of not more than three years. Judgment reversed, on the law, and case remanded to the County Court for (1) a direction that examination of appellant be had in pursuance of sections 207 and 208 of the Mental Hygiene Law and (2) for resentencing in compliance with said statute. Since defendant was charged with a violation of article 220 of the Penal Law, and there was sufficient indication before the sentencing court that he might be a narcotic addict, the sentencing court should not have imposed sentence prior to receiving the report of the medical examination mandated by sections 207 and 208 of the Mental Hygiene Law (*People* v. *Sczerbaty*, 37 A D 2d 428; *People* v. *Maranez*, 39 A D 2d 589). Had appellant been found to be a narcotic addict, he would have had to be sentenced as required by subdivision 4 of section 208 of the Mental Hygiene Law. Rabin, P. J., Latham, Shapiro, Christ and Benjamin, JJ., concur.

•■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. HENRY J. BORGE, Appellant.— Appeal by defendant from a judgment of the County Court, Nassau County, rendered July 9, 1971, convicting him of attempted burglary in the third degree, upon a plea of guilty, and imposing sentence. Judgment affirmed. Defendant was indicted in May, 1968, charged with burglary in the second degree and grand larceny in the second degree. On January 4, 1971 defendant, after conferring with counsel, admitted in open court that he had certain stolen goods in the automobile he was driving at the time he was stopped by the police. He further stated he was pleading guilty knowingly and of his own free will. Subsequently he moved to withdraw the guilty plea and, after a hearing, the motion was denied. Defendant had moved to withdraw his plea on the ground he had been induced to plead guilty in the first instance by his attorney who claimed that he (the attorney) could "take care of things" if defendant pleaded guilty. Permission to withdraw a plea of

guilty rests in the sound discretion of the court (former Code Crim. Pro., § 337). The discretion of the trial court in denying the motion to withdraw the plea was properly exercised in the present case, in our opinion. Defendant had knowingly and voluntarily bargained for a plea of guilty to the crime of attempted burglary in the third degree and, although the facts admitted by him at the time he pleaded guilty did not make out the crime to which he was pleading, the guilty plea may nevertheless be sustained (*People* v. *Griffin,* 7 N Y 2d 511; *People* v. *Foster,* 19 N Y 2d 150; *People* v. *Toliver,* 29 A D 2d 210). It would appear that defendant bargained for a plea to a reduced charge aware of the fact that his story was an incredible one. (He claimed he innocently had taken the stolen goods for safekeeping from an "acquaintance" he cannot now name and whom he has not seen since that time and he admitted taking the goods knowing they had been stolen.) In these circumstances, having bargained for a plea to a reduced charge, and having knowingly and voluntarily pleaded guilty with the assistance of counsel, defendant should not now be allowed to withdraw that plea (*North Carolina* v. *Alford,* 400 U. S. 25; *People* v. *Etheridge,* 29 A D 2d 679). Rabin, P. J., Hopkins, Munder, Brennan and Benjamin, JJ., concur.